**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARILYN FIGUEROA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**W.M. BARR & COMPANY, INC.,**<br><br>**Defendant.** | **Civil Action No. 18-cv-11187-JGK-KHP** |

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS

Michael H. Bai, Esq.
LITTLETON PARK JOYCE UGHETTA & KELLY LLP
39 Broadway, 29th Floor
New York, New York 10006
Tel: (212) 404-5777
Fax: (212) 232-0088
michael.bai@littletonpark.com

Jon J. Hernan, Esq.
BOWMAN AND BROOKE, LLP
1064 Greenwood Boulevard, Suite 212
Lake Mary, Florida 32746
Tel: (407) 585-7600
Fax: (407) 585-7610
jon.hernan@bowmanandbrooke.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant,*
*W.M. Barr & Company, Inc.*

# TABLE OF CONTENTS

**INTRODUCTION** .......... 2

**FACTUAL BACKGROUND** .......... 2

**PROCEDURAL BACKGROUND** .......... 2

**LEGAL STANDARD** .......... 5

**ARGUMENT** .......... 6

**A. Dismissal of Plaintiff's Complaint is an Appropriate Sanction Pursuant to Federal Rule of Civil Procedure 37.** .......... 6

**B. Plaintiff's Complaint Should be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b).** .......... 9

**C. Alternatively, Plaintiff Should be Prohibited from Introducing Expert Testimony into Evidence.** .......... 12

**D. Additionally, Plaintiff Should be Ordered to Pay Defendant's Attorney's Fees and Costs Associated with this Motion.** .......... 15

**CONCLUSION** .......... 16

**Cases**

*AAI Pharma Inc. v. Kremers Urban Dev. Co.*, 2006 WL 3096026 (S.D.N.Y. Oct. 31, 2006)..... 15

*Ashkinazi v. Sapir*, No. 02 Civ. 00002(RCC)(MHD), 2005 U.S. Dist. LEXIS 6900 (S.D.N.Y. Apr. 20, 2005) ..... 13

*Bastys v. Rothschild*, 154 F. App'x 260 (2d Cir.2005)..... 14

*Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24 (W.D.N.Y.1991) ..... 5

*Daval Steel v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991)..... 13

*Davidson v. Dean*, 204 F.R.D. 251 (S.D.N.Y.2001) , *aff'd*, 111 F.3d 2 (2d Cir.1997))..... 6-7

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir.2006)..... 12

*Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350(DLC), 1996 U.S. Dist. LEXIS 188, (S.D.N.Y. Jan. 10, 1996)..... 13

*Hananburgh v. Metro-N. Commuter R.R.*, No. 13-CV-2799 JMF, 2015 WL 1267145 (S.D.N.Y. Mar. 18, 2015)..... 12

*Hollingsworth v. City of New York, Dep't of Juvenile Justice*, No. 95–3738, 1997 WL 91286 (S.D.N.Y. March 4, 1997)..... 5

*Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177 (E.D.N.Y.2005)..... 13

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2017 WL 3671036 (S.D.N.Y. July 18, 2017) ..... 15

*Jones v. Niagara Frontier Transp. Authority*, 836 F.2d 731 (2d Cir.1987), *cert. denied*, 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988) ..... 6

*Lucas v. Miles*, 84 F.3d 532 (2d Cir.1996) ..... 9

*Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396 (W.D.Mo.1970)..... 7

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ..... 6

*Outley v. New York*, 837 F.2d 587 (2d. Cir.1988) ..... 13

*Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) ..... 5, 7

*Stone v. Goord*, No. 07CIV.2826(LTS)(THK), 2007 WL 3374583 (S.D.N.Y. Nov. 14, 2007) .... 7

*Update Art, Inc. v. Modiin Publ'g Ltd.*, 843 F.2d 67 (2d Cir.1988) ..... 5

*Webb v. Buchanan Marine*, No. 99 Civ. 3573(DLC), 2000 U.S. Dist. LEXIS 4148 (S.D.N.Y. Mar. 31, 2000)..... 13

*Yeboah v. United States*, 2000 WL 1576886 (S.D.N.Y. Oct. 20, 2000)..... 15

**Statutes**

Fed. R. Civ. P. 26..... 12

Fed. R. Civ. P. 37..... passim

Fed. R. Civ. P. 41..... passim

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Civil Procedure 37, Defendant, W.M. Barr & Company, Inc. (hereinafter "W.M. Barr"), by and through its undersigned counsel, files it Motion for Sanctions against Plaintiff for Plaintiff's continued failure to comply with numerous Court Orders. Defendant respectfully requests that the Court strike Plaintiff's pleadings dismissing this case and award attorneys' fees and costs as well as any other relief this Court deems just and proper. In support thereof, Defendant states as follows:

## FACTUAL BACKGROUND

On July 29, 2015, plaintiff was replacing her kitchen floor tiles. *See* Verified Complaint annexed to the Affirmation of Michael H. Bai, Exhibit A, ¶5. Plaintiff removed the previous tiles and purchased Goof-Off Remover to remove the glue under the tiles. *See* Affirmation of Michael H. Bai, Exhibit A, ¶6. Plaintiff allegedly poured the Goof-Off Remover on the floor and let it soak. *See* Plaintiff's June 24, 2019 Deposition annexed to the Affirmation of Michael H. Bai, Exhibit B, p. 131, lines 20 - 23. Plaintiff then used a scraper to remove the glue. *Id.*, p. 131:24 - 132:1. At some point during the glue removal, a fire started causing plaintiff's alleged injuries. *Id.*, p. 131, line 9 – 12.

## PROCEDURAL BACKGROUND

On November 30, 2018, W.M. Barr removed this lawsuit to the United States District Court for the Southern District of New York. *See* Doc. No. 1. Since the removal of this lawsuit to federal and even beforehand in state court, plaintiff has delayed in responding to discovery and complying with court orders. On May 15, 2019 (Doc. No. 12), on June 13, 2019 (Doc. No. 15) and on September 11, 2019 (Doc. No. 28), Defendant filed letter motions for a conference concerning delinquent discovery responses and failures to comply with this Court's Orders. In the letter

motions, Defendant laid out the delays in obtaining discovery responses from plaintiff, and plaintiff's failure to comply with the Court's Order. Specifically:

| DATE | ACTIVITY |
|---|---|
| March 26, 2019 | Defendant served Interrogatories and Requests for Production to Plaintiff. *See* Doc. No. 12-1 and 12-2. |
| April 25, 2019 | Plaintiff's discovery responses due. Plaintiff failed to serve objections and responses to Interrogatories and Requests for Production. |
| May 6, 2019 | Defendant sent a good faith discovery letter on May 6, 2019, requesting responses by May 10, 2019. *See* Doc. No. 12-3. |
| May 10, 2019 | Plaintiff's counsel called the undersigned and requested an extension of time to respond until Monday, May 13, 2019, which was granted. |
| May 13, 2019 | Plaintiff did not serve responses to discovery demands despite the extension of time granted. |
| May 15, 2019 | Defendant filed the letter motion for a discovery conference. *See* Doc. No. 12. |
| May 16, 2019 | Court grants request for discovery conference and schedules conference for May 29, 2019. |
| May 29, 2019 | Plaintiff hand-delivered her interrogatory responses to Defendant at the conference. *See* Doc. No. 15-1. Because the responses were incomplete, Judge Koeltl ordered plaintiff to provide interrogatory responses, which includes a verification by June 3, 2019. *See* Doc. No. 14. |
| June 3, 2019 | Plaintiff did not provide interrogatory responses with a verification as ordered by Judge Koeltl. |
| June 5, 2019 | Defendant's counsel sent an e-mail to Plaintiff's counsel requesting a verification for the interrogatory responses. Plaintiff's counsel did not respond. *See* Doc. No. 15-2. |
| June 10, 2019 | Defendant's counsel sent a second e-mail to Plaintiff's counsel requesting verification for Interrogatory responses by June 12, 2019, otherwise we would request another discovery conference with the Court. Again, Plaintiff's counsel did not respond to Defendant's attempts to obtain discovery responses and violated this Court's May 29, 2019 Order. *See* Doc. No. 15-3. |
| June 13, 2019 | Defendant filed a letter motion with the Court requesting a discovery conference. *See* Doc. No. 15, which includes the good faith attempts to obtain discovery responses. |
| June 24, 2019 | Despite plaintiff's failure to comply with the May 29, 2019 Order, Defendant proceeded with the plaintiff's deposition. At the deposition, Plaintiff testified that she never read any warnings or instructions, despite Plaintiff's interrogatory responses stating that she did review them. |

| DATE | ACTIVITY |
|---|---|
| July 2, 2019 | Plaintiff served her corrected and verified interrogatory responses. The responses admitted that she never reviewed any warnings, contrary to the original responses. *See* relevant portions of Interrogatory responses annexed to Exhibit "B", |
| August 14, 2019 | Court conference held before Your Honor. Your Honor issued the August 14, 2019 Order following the conference. *See* Doc. No. 23. The Order required, *inter alia*, Plaintiff to provide a verbal explanation of her design defect claim. |
| September 11, 2019 | Defendant filed a letter motion with the Court another pre-motion discovery conference based upon Plaintiff's failure to comply with this Court's August 14, 2019 Order. *See* Doc. No. 23. Or, in the alternative, to file a motion for sanctions for Plaintiff's repeated failure to comply with discovery demands and this Court's Orders. |

A conference was scheduled on October 2, 2019. Pursuant to this Court's Order (Doc. No. 31), Plaintiff was required to serve liability expert reports by November 6, 2019. To date, W.M. Barr has not received any expert reports nor any request for an extension of time.

Therefore, on November 8, 2019, and pursuant to your Honor's Individual Practices in Civil Cases, section III.b. W.M. Barr filed a pre-motion conference to file a Rule 56 motion for summary judgment. Doc. No. 32. Plaintiff had 3 days to provide a written response to the request for a pre-motion conference. Plaintiff has never filed a response, has never requested an extension of time to serve expert disclosures and still has not served expert disclosures.

W.M. Barr is prejudiced by Plaintiff's continued failure to comply with this Court's Orders, discovery, and scheduling deadlines. First, Plaintiff's failure to disclose expert reports prejudices the Defendant as Defendant's expert reports are due on December 4, 2019. Additionally, W.M. Barr cannot respond to Plaintiff's claims without knowledge of Plaintiff's specific defect allegations. In addition, Plaintiff cannot support her claims absent expert opinions. Thus, Defendant is forced to continue to incur litigation costs in defending this action that will ultimately result in a summary judgment or directed verdict. Finally, Plaintiff's willful disregard to

Defendant's discovery requests and this Court's Orders will continue to further frustrate the efficiency of this Court.

As will be discussed in turn below, the involuntary dismissal of Plaintiff's Complaint is an appropriate sanction under Fed. R. Civ. P. 41 and Fed. R. Civ. P. 37(b)(2) for Plaintiff's continued willful failure to comply with Defendant's discovery requests as well as this Court's Orders regarding discovery deadlines. In the alternative, Defendant requests this Court enter an Order precluding Plaintiff from presenting any expert reports or testimony to be used at trial due to Plaintiff's failure to comply with this Court's October 2, 2019 Order. Finally, Defendants request an award of fees and costs for having to bring this motion.

## LEGAL STANDARD

Fed. R. Civ. P. 41 provides that a Plaintiff's Complaint is subject to involuntary dismiss if the Plaintiff fails to comply with a court order. Similarly, Fed. R. Civ. P. 37(b)(2) provides, in relevant part, that if a party "fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, ..." including entering a default judgment or striking pleadings of the culpable party. Fed. R. Civ. P. 37(b). Moreover, sanctions are permissible under Fed. R. Civ. P. 37(b)(2) when a party fails to comply with a court order, regardless of the reasons. *See* Fed. R. Civ. P. 37(b)(2); *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

Sanctions serve three fundamental purposes: 1) preventing a party from profiting from its failure to comply with a discovery order; 2) securing the party's compliance with the order and deterring future misconduct by it; and 3) deterring future litigants from non-compliance with discovery rules and orders. *See Update Art, Inc. v. Modiin Publ'g Ltd.,* 843 F.2d 67, 71 (2d Cir.1988); *Hollingsworth v. City of New York, Dep't of Juvenile Justice,* No. 95–3738, 1997 WL 91286, at *2 (S.D.N.Y. March 4, 1997). As set forth in *Burke v. ITT Automotive, Inc.*, 139 F.R.D.

24 (W.D.N.Y.1991), in crafting an appropriate sanction courts consider: (1) the history of the failure to comply with court orders; (2) whether the party violating the order was given adequate time to comply with it; (3) the effectiveness of alternative sanctions; (4) whether the noncomplying party was warned of and given an opportunity to argue against the proposed sanction; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the documents at issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility. 139 F.R.D. at 33–36 (citing cases). Thus, sanctions in the form of dismissal are appropriate in this case.

## ARGUMENT

### A. Dismissal of Plaintiff's Complaint is an Appropriate Sanction Pursuant to Federal Rule of Civil Procedure 37.

Under Rule 37 of the Federal Rules of Civil Procedure, the Court may dismiss the complaint for a party's failure to comply with a Court Order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: ... (v) dismissing the action or proceeding in whole or in part."). When a party's willfulness or bad faith is involved in failure to make discovery, the sanction of dismissal is proper. *Societe Internationale,* 357 U.S. at 209.

Dismissal has been upheld as an appropriate sanction under Rule 37 where, as here, the party has acted willfully or in bad faith in disregarding a court's discovery order—especially if the party's noncompliance caused serious delay. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Jones v. Niagara Frontier Transp. Authority,* 836 F.2d 731, 735 (2d Cir.1987), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988). "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not

due to factors beyond the party's control." *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y.2001) (quoting *Baba v. Japan Travel Bureau, Int'l, Inc.*, 165 F.R.D. 398, 402–03 (S.D.N.Y.1996), *aff'd*, 111 F.3d 2 (2d Cir.1997)). This is particularly so when, as here, such failure makes it impossible to determine the factual merits of a claim. *Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396, 400 (W.D.Mo.1970).

Here, willful conduct is properly inferred from the Plaintiff's persistent failure to comply with proper disclosure demands, including her failure to provide adequate responses to written disclosure demands, failure to respond to discovery requests, and her failure to comply with this Court's Orders.[1] *See Stone v. Goord*, No. 07CIV.2826(LTS)(THK), 2007 WL 3374583, at *2 (S.D.N.Y. Nov. 14, 2007). Specifically, at the August 14, 2019 conference, Counsel for Defendant advised the Court that Plaintiff inappropriately refers Defendant to the affidavits of two experts in a separate action filed in the Northern District of Illinois in response to Defendant's discovery requests. However, these experts have not been disclosed in the instant matter nor have reports from these experts been served on Defendant in this case. This prompted the Court to Order Plaintiff's counsel to "provide Defendant with a verbal explanation of her design defect claim no later than August 31, 2019." *See* Doc. No. 23. Because Plaintiff failed to comply with this Court's Order, another request for a pre-motion conference was filed on September 11, 2019. At the October 2, 2019 conference, Plaintiff's counsel admitted on the record that an expert witness is needed to support Plaintiff's claims. Specifically:

> THE COURT: Oh, I thought there was an issue about what caused the fire and that there was a pilot light on in the oven.
>
> MR. ABRAMOFF: That's true. But **that's up to an expert to determine** whether that pilot light, given the proximity to the, or the distance from where the fire started, whether that could have caused it to ignite.

[1] Orders entered on May 29, 2019 (Doc. No. 14), August 14, 2019 (Doc. No. 23), and October 2, 2019 Order (Doc. No. 31)

*See* Transcript from October 2, 2019 conference annexed to the Affirmation of Michael H. Bai, Exhibit C, p. 8, lines 19 – 25.

The Court ordered Plaintiff to serve expert reports regarding W.M. Barr's alleged liability by November 6, 2019. *See* Doc. No. 31. To date, W.M. Barr has not received any expert reports nor any request for an extension of time. W.M. Barr is prejudiced by the fact that plaintiff has not disclosed her expert's opinions. As this Court stated to Plaintiff's counsel:

> THE COURT: So that request for a warning is granted.
>
> Mr. Abramoff, you're going to need to follow the Court's orders. It's not fair to defendant to miss these deadlines. And, you know, as time goes on, people's memories fade, documents get lost. There is a reason that a case should proceed expeditiously. And those are the obligations under the federal rules, too, that attorneys take action to move cases along efficiently and at as low a cost as possible. And it's not consistent with the rules to require your adversary to have to make multiple motions and requests for things that you have an obligation to respond to in discovery. So to the extent there are missed deadlines and there's not good cause for that or you don't in advance request an extension, Mr. Bai may decide to move for sanctions. Whether or not the sanctions are warranted is another story; it will depend on the facts, so you're warned.
>
> MR. ABRAMOFF: Okay. I appreciate that.

*Id.*, p. 26:17 to 27:10.

Plaintiff's failure to serve her expert reports, including the tests that the experts have conducted, makes it impossible to determine the factual merits of the claim. Plaintiff's counsel acknowledged that tests would need to be conducted to support Plaintiff's claims.

> THE COURT: Who would do tests on the particular product; is that what you're contemplating?
>
> MR. ABRAMOFF: Based upon, yes, tests or -- or based upon also the -- I don't know what he will need, but that's something that -- that is -- I'm not sure what tests he would run, but that's --

> THE COURT: Well, if you're going to have an expert testify as to flammability, I assume you're going to have somebody recreate what the plaintiff says happened; is that not what you're intending to do?
>
> MR. ABRAMOFF: Correct.
>
> THE COURT: Okay. In a test environment, I would assume that's what you were intending. Okay.

*Id.*, p. 15:16 to 16:4.

Without knowing the specific defect opinions and tests from plaintiff's expert, W.M. Barr can neither respond to Plaintiff's claims nor can Plaintiff support her claims.

Based upon the foregoing, Plaintiff has made it impossible to determine the factual merits of her claim. Plaintiff has violated 3 prior Court Orders, and Defendant continues to be prejudiced by Plaintiff's continued failure to comply with this Court's Orders. Thus, dismissal is appropriate under Fed. R. Civ. P. 37(b)(2). An alternative sanction would be ineffective.

**B. <u>Plaintiff's Complaint Should be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b).</u>**

Similarly, the involuntary dismissal of Plaintiff's Complaint is appropriate under Fed. R. Civ. P. 41. In determining the propriety of dismissal, the Court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996). Here, these factors collectively weigh in favor of dismissal.

First, this is not Plaintiff's first failure to comply with expert disclosures. Originally, Plaintiff's expert disclosure was supposed to be made by October 1, 2019, 30 days before the

completion of discovery. *See* Doc. No. 11. The discovery deadline pursuant to the Court's Scheduling Order was November 1, 2019. *Id.* When W.M. Barr raised plaintiff's failure to comply with expert disclosures at the October 2, 2019 conference, Plaintiff had not even retained experts yet.

> THE COURT: Okay, well, all discovery is supposed to be done by November 22 of 2019 -- I'm sorry, November 1, with dispositive motions due November 22. So I'm concerned that you're only just now asking for an extension of time, especially when you didn't previously disclose this design defect. That's the crux of the claim, so how long is it going to take you to have an expert report ready?
>
> MR. ABRAMOFF: The -- I don't remember the expert's schedule. I'm sorry, I don't recall the expert's schedule at this time that we were looking into, but the rush -- I mean, within 30 days I think would be, if we can get an expedited report out, would be sufficient. And if I encounter any issues with that, then I'm happy to inform the Court ahead of time. And that's --

*Id.*, p. 145:15 to 15:4.

Following a hearing on Plaintiff's failure to disclose any expert or serve any expert reports, the Court Ordered Plaintiff to serve expert reports regarding Defendant's liability on or before November 6, 2019. To date, neither written reports nor a written request for an extension has been received. Therefore, Plaintiff's non-compliance with this Court's expert discovery deadlines is continuing.

Second, Plaintiff is aware that Defendant intended to seek sanctions based upon Plaintiff's repeated failures to comply with Defendant's discovery demands as well as this Court's Orders. In addition to the June 20, 2019 letter motion requesting a discovery conference with the Court to file a motion for sanctions (Doc. No. 16) and the September 11, 2019 letter motion for another pre-motion discovery conference with the Court based upon Plaintiff's failure to comply with this Court's August 14, 2019 Order and to file a motion for sanctions (*See* Doc. No. 29), at the October 2, 2019, at W.M. Barr's request, the Court provided the warning quoted on page 7 above. *See*

Affirmation of Michael H. Bai, Exhibit C, p. 26:17 to 27:10. Most recently, on November 8, 2019, Defendant filed a letter motion requesting a pre-motion conference to file a Rule 56 Motion for Summary Judgment based upon Plaintiff's continued failure to comply with this Court's October 2, 2019 Order. *See* Doc. No. 32.

Third, Plaintiff's delay in filing the expert reports has prejudiced the Defendant as W.M. Barr's expert reports are currently due on December 4, 2019. Without knowledge of the specific defect allegations from Plaintiff's experts, if any, and what tests may have been conducted, Defendant cannot respond to Plaintiff's claims. In addition, Plaintiff's untimely disclosure falls outside of the deadlines provided for in this Court's Scheduling Order as well as this Court's Order of October 2, 2019.

Fourth, continuing to unnecessarily delay this matter based upon Plaintiff's willful failure to comply with this Court's Orders congests the district court's docket as evidenced by the three letter motions for failing to comply with discovery deadlines and this Court's Orders, as well as the need to file this motion for sanctions. Based upon the docket evidence in this case, it is anticipated that Plaintiff's wanton disregard and failure to comply with the Court's Orders and Defendant's discovery requests will continue throughout this litigation.

Fifth, considering lesser sanctions as an alternative would be futile. Plaintiff has already violated three Court Orders. Before removing this case to federal court, Plaintiff failed to respond to discovery, despite granting an extension of time, and violated 2 court orders requiring Plaintiff to respond to Interrogatories. *See* September 5, 2018 and October 25, 2018 Orders annexed to the Affirmation of Michael H. Bai, Exhibit D and E, respectively.

The only appropriate lesser sanction, which will be discussed below, would be to strike any expert reports served after the Court's deadline of November 6, 2019, and to preclude Plaintiff

from presenting any expert opinions at the time of trial. However, as Plaintiff's counsel admits, expert testimony is necessary to support Plaintiff's claims. Without expert testimony, Plaintiff would be unable to support her claim, and Defendant would be entitled to summary judgment or directed verdict. It is unduly prejudicial to the Defendant to permit Plaintiff to continue with this course of conduct and force Defendant to continue to incur unnecessary costs in defending itself. Thus, an involuntary dismissal of Plaintiff's Complaint is appropriate.

### C. Alternatively, Plaintiff Should be Prohibited from Introducing Expert Testimony into Evidence.

Plaintiff should be precluded from introducing expert testimony for failing to comply with Fed. R. Civ. P. 26 and this Court's October 2, 2019 Order. Rule 26 provides that parties intending to present liability expert testimony at trial must disclose the identity of any witnesses, along with a written report "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). If a party does not comply with the requirements of Rule 26, a court may impose sanctions under Rule 37, including preclusion of expert testimony. *Hananburgh v. Metro-N. Commuter R.R.*, No. 13-CV-2799 JMF, 2015 WL 1267145, at *8 (S.D.N.Y. Mar. 18, 2015).

In deciding whether to preclude witnesses under Rule 37 due to a violation of Rule 26, a court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 296 (2d Cir.2006).

Here, Plaintiff has failed to comply not only with Rule 26, but with this Court's October 2, 2019 Order requiring Plaintiff to serve expert reports on or before November 6, 2019. *See* Doc. No. 31. Thus, under Rule 37(b)(2)(B), the Court "may make such orders in regard to the failure as are just," including but not limited to an order "prohibiting that party from introducing

designated matters in evidence." *See Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350(DLC), 1996 U.S. Dist. LEXIS 188, at *9 (S.D.N.Y. Jan. 10, 1996) ("Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply [with discovery], and 'to deter those who might be tempted to such conduct in the absence of such a deterrent.'") (citation omitted).

This sanction is justified "when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y.2005) (quoting *Daval Steel v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). In determining whether a party acted willfully or in bad faith, courts often focus on the history of the party's conduct in the entire case. *See Daval Steel*, at 1366 (upholding preclusion of evidence sanction because conduct of defendant's counsel at deposition and defendant's repeated refusal to produce demanded documents "evince[d] a willful frustration" of discovery); *Ashkinazi v. Sapir*, No. 02 Civ. 00002(RCC)(MHD), 2005 U.S. Dist. LEXIS 6900, at *17 (S.D.N.Y. Apr. 20, 2005) (finding willfulness where defendant had "attempted to impede discovery ... for much of the unusually protracted discovery period"). Finally, "[b]efore [granting] the extreme sanction of preclusion," the court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d. Cir.1988); *see also Webb v. Buchanan Marine*, No. 99 Civ. 3573(DLC), 2000 U.S. Dist. LEXIS 4148, at *6 (S.D.N.Y. Mar. 31, 2000).

Here, as previously shown in the chart on pages 2 to 3 above, the history of Plaintiff's conduct throughout this litigation has willfully frustrated the discovery process. First, Plaintiff failed to comply with this Court's Scheduling Order that required all discovery to be completed by November 1, 2019. *See* Doc. No. 11. A status conference was held on October 2, 2019 whereby

the Court ordered Plaintiff to serve expert reports regarding Defendant's liability by November 6, 2019. To date, Plaintiff has neither proffered any reports nor requested for an extension or time. Additionally, Plaintiff has not provided any explanation for the failure to comply with the disclosure requirement or this Court's October 2, 2019 Order. Additionally, the actual difficulties Plaintiff's actions cause include the inability for Defendant to determine the basis for Plaintiff's claims as well as which rebuttal experts may be necessary. Finally, Plaintiff's actions unnecessarily increased litigation costs in having to bring discovery motions before the Court throughout the course of this litigation.

Given all of those considerations, and notwithstanding whether a continuance of this already prolonged litigation would be possible or appropriate, an appropriate remedy for Plaintiff's straightforward Rule 26 violation, and failure to comply with the Court's Order, is preclusion. *See, e.g.*, *Bastys v. Rothschild*, 154 F. App'x 260, 263 (2d Cir.2005) (summary order) ("[W]here the court had emphatically ordered that *all* discovery, including expert discovery, was to conclude by a specified date; where the court had extended that date on several occasions; where the plaintiff, nevertheless, failed to identify any experts within the specified time and failed to articulate a reasonable explanation for its negligence in the district court; and where excusing the belated disclosure would prejudice the defendants who had, as a consequence of plaintiff's failure to identify experts, not retained any of their own, the district court acted within its discretion in refusing to consider the expert submissions ....").

Similarly, W.M. Barr would be prejudiced in Plaintiff's late disclosure of any expert reports in this case. Plaintiff was ordered to serve expert reports by November 6, 2019 and has failed to comply with this Court's Order. Thus, Plaintiff should be precluded from presenting any expert witnesses or eliciting any expert opinions at the time of trial.

### D. <u>Additionally, Plaintiff Should be Ordered to Pay Defendant's Attorney's Fees and Costs Associated with this Motion.</u>

Fed. R. Civ. Proc. 37(b)(2)(C) states that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Plaintiff's misconduct through this litigation has caused avoidable months of motion practice that have cost the Court and Defendant's time and money. "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Id. Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2017 WL 3671036, at *20 (S.D.N.Y. July 18, 2017), *report and recommendation adopted*, No. 16CIV1318GBDBCM, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017).

The Court has wide discretion to apportion Rule 37 monetary sanctions between a party and its counsel. *See, e.g.*, *Yeboah v. United States*, 2000 WL 1576886, at *3-4 (S.D.N.Y. Oct. 20, 2000) (awarding Rule 37(b) monetary sanctions against counsel for plaintiff where "plaintiff failed over the course of many months to comply with defendant's legitimate discovery requests and subsequent Court Orders," record was "devoid of any legitimate justification for [those] failures" and "plaintiff's counsel was given numerous opportunities to cure his and his client's derelictions"); *id.* at *4 (where attorney, "because his own conduct, including misrepresentations and repeated dishonored commitments, wasted the time and resources of [defendants] and the Court, it is most appropriate to impose this particular sanction against counsel personally."); *AAI Pharma Inc. v. Kremers Urban Dev. Co.*, 2006 WL 3096026, at *6 (S.D.N.Y. Oct. 31, 2006)

(whether to hold "the party or its counsel, or both" liable for monetary sanctions under Rule 37(a) is a decision that "lies within the Court's discretion").

Plaintiff's failure to cooperate is patently apparent on the Court docket as well as the resulting Court Orders. Plaintiff has shown willful indifference in complying with any deadline provided in this case. Based upon the foregoing, Defendant is requesting monetary sanctions for attorneys' fees and costs associated with bringing this motion as well as work associated with Plaintiff's failure to comply with discovery deadlines and Court Orders.

## CONCLUSION

WHEREFORE, Defendant, W.M. Barr & Company, Inc., respectfully requests this Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37 and 41 for failure to comply with the Court's Orders and participate in discovery. Alternatively, Defendant requests this Court preclude Plaintiff from presenting any expert witnesses or eliciting any expert opinions at the time of trial. Finally, and in addition to the foregoing, Defendant requests this Court grant a monetary sanction of fees and costs for bringing this Motion as well as fees and costs with Plaintiff's failure to comply with discovery deadlines and Court Orders as well as any other relief this Court deems just and proper.

Dated: New York, New York
November 22, 2019

Respectfully submitted,

Michael H. Bai, Esq.
LITTLETON PARK JOYCE UGHETTA & KELLY LLP
39 Broadway, 29th Floor
New York, New York 10006
Tel: (212) 404-5777
Fax: (212) 232-0088
michael.bai@littletonpark.com

Jon J. Hernan, Esq.
BOWMAN AND BROOKE, LLP
1064 Greenwood Boulevard, Suite 212
Lake Mary, Florida 32746
Tel: (407) 585-7600
Fax: (407) 585-7610
jon.hernan@bowmanandbrooke.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant,*
*W.M. Barr & Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019, a true and correct copy of the Notice of Motion, Declaration of Michael H. Bai and the Memorandum of Law in support of the Motion for Sanctions was filed and uploaded to the CM/ECF system providing notice to:

Alan S. Ripka, Esq.
N. Gershon Abramoff, Esq.
Alan Ripka & Associates, LLP
Attorneys for Plaintiff
900 Third Avenue, Suite 502
New York, NY 10022

Michael H. Bai, Esq. (MB2074)