USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/11/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARILYN FIGUEROA,

                              Plaintiff,

                -against-

W.M. BARR & COMPANY, INC.,

                              Defendant.

-------------------------------------------------------------------X

**ORDER ON ATTORNEYS' FEES
APPLICATION**

**18-CV-11187 (JGK) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This Court previously granted Defendant's Motion for Sanctions pursuant to Federal

Rule of Civil Procedure 37 for Plaintiff's conduct during discovery. (Dkt. No. 49.) This Court held

that Defendant is entitled to its reasonable attorneys' fees and costs incurred in connection

with bringing its Motion for Sanctions as well as in connection with several letter motions to

compel and Plaintiff's failure to appear at a conference in November of 2019.  (*Id.*)  In

accordance with this Court's Order, Defendant filed an application setting forth its fees and

expenses.  (Dkt. Nos. 54, 58.) The Court has reviewed Defendant's application and, for the

reasons set forth below, awards Defendant $12,484.10.

**BACKGROUND**

      Defendant seeks a total of $12,484.10 in fees.  Michael H. Bai, a partner at Littleton Park

Joyce Ughetta & Kelly LLP ("Littleton Park") and lead counsel for Defendant, has submitted a

declaration affirming that this amount was actually billed to Defendant and providing a detailed

accounting of the hours worked by each lawyer and paralegal.  (Dkt. No. 55 ("Bai Decl.").)

Littleton Park is a 30-lawyer litigation firm that represents corporate clients in complex litigations nationwide.  (*Id.* ¶ 3.)  Bai served as the primary attorney on this matter, and was assisted by Jon J. Hernan, a partner at Bowman and Brooke, LLP ("Bowman"), among others. Bowman serves as national counsel for Defendant.  (*Id.* ¶ 8.)  Mr. Bai has over 22 years of experience handling complex products liability cases and is a co-founder of Littleton Park. (*Id.* ¶ 6.)  He obtained his J.D. from St. John's University School of Law.  (*Id.* ¶ 5.) Prior to co-founding Littleton Park, he was a partner at the international law firm of Wilson Elser.  (*Id.* ¶ 7.)  Mr. Hernan graduated from Florida State University College of Law in 2003 and has over 17 years of experience in products liability matters.  (*Id.* ¶ 9.)

Collin Crecco, of Littleton Park, and Suzanne L. Kersh, of Bowman, are associates who worked on this case.  Mr. Crecco graduated from the University of New Hampshire School of Law cum laude and served as an editor on the Law Review.  He has over two years of products liability experience. (*Id.* ¶ 11.)  Ms. Kersh graduated from Western State University College of Law and has over four years of product liability experience.  (*Id.* ¶ 12.)

Willem Lee, of Littleton Park, and Kara Thomas, of Bowman, are paralegals who worked on this matter.  Mr. Lee has approximately eight years of experience as a paralegal.  (*Id.* ¶ 13.) Ms. Thomas has more than 15 years of experience as a paralegal.  (*Id.* ¶ 14.)

Detailed time records have been provided, with billing increments of 1/10[th] of an hour. (*Id.* Exs. B and C.)  The time reflects work spent drafting two letters requesting pre-motion discovery conferences, attending and preparing for court conferences, and briefing the motion for sanctions.  (*Id.*) The rates charged were consistent with or less than the rates the two firms charge in comparable product liability cases.  (*Id.* ¶¶ 17-22.)

2

**LEGAL STANDARD**

A district court exercises considerable discretion in awarding attorneys' fees.  *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), s*uperseded on other grounds as recognized in Acker v. General Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable."  *TufAmerica Inc. v. Diamond*, No. 12-cv-3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016) (internal quotation marks omitted), *reconsideration granted in part in* 2016 WL 3866578 (S.D.N.Y. July 12, 2016) *and* 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018).

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *TufAmerica Inc.*, 2016 WL 1029553, at *3 (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. New York State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011).  When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted).  The Second Circuit's "forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  *Id.* (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL 1029553, at *5 (rates must be "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

3

reputation" (internal citation and quotation marks omitted)).  Courts in this District also have

recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best

evidence of" a reasonable hourly rate.  *See In re Stock Exchanges Options Trading Antitrust*

*Litig.*, No. 99-cv-0962(RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).  Finally, the Court

may adjust base hourly rates to account for "case-specific variables."  *See Arbor Hill Concerned*

*Citizens Neighborhood Ass'n*, 522 F.3d at 183–84.

When evaluating the number of hours expended, the Court must make "a conscientious

and detailed inquiry into the validity of the representations that a certain number of hours

were usefully and reasonably expended."  *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997)

(internal quotation marks and citation omitted).  In determining whether hours are excessive,

"the critical inquiry is 'whether, at the time the work was performed, a reasonable attorney

would have engaged in similar time expenditures.'"  *Samms v. Abrams*, 198 F. Supp. 3d 311, 322

(S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are

excessive, redundant, or otherwise unnecessary, are to be excluded and in dealing with such

surplusage, the court has discretion simply to deduct a reasonable percentage of the number of

hours claimed as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St.,*

*Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord*

*Alicea v. City of New York,* 272 F. Supp. 3d 603, 608–609 (S.D.N.Y. 2017); *see also TufAmerica*

*Inc.*, 2016 WL 1029553, at *3.

The Court also looks at the nature of the legal matter and reason for the fee award in

considering what is a reasonable rate and reasonable time spent on a matter.  Complex cases

requiring particular attorney skills and experience may command higher attorney rates, as may

cases requiring retention of a firm with the resources needed to prosecute a case effectively. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187.  Likewise, the Court may consider the purpose of the award; that is, a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case.  For example, in *Klipsch Group, Inc. v. ePRO E-Commerce Ltd.*, the Second Circuit recently upheld a trial court's imposition of more than $2.5 million in discovery sanctions in a case with only $20,000 in controversy, recognizing that "courts routinely award [discovery] sanctions without any discussion of the ultimate merits recovery."  880 F.3d 620, 633–34 (2d Cir. 2018).  The court stated that "[d]iscovery sanctions are different" than fee awards in civil rights cases, reasoning that "a party that disregards its obligations may create a reasonable suspicion that further investigation is warranted, and thereby imposes costs on its adversary that would never have been incurred . . . .  In that situation, the offended adversary's counsel is not being rewarded for its success in the litigation; rather, the adversary is simply being compensated for costs it should not have had to bear."  *Id*. at 634.

## DISCUSSION

There is no doubt that all of the individuals who performed work on Defendant's behalf are highly competent.  Defense counsel has admirably and vigorously represented Defendant. Defense counsel also has complied with all discovery and court rules and attempted to meet and confer in good faith about issues before bringing them to the Court's attention.

In this application, Defendant bears the burden of demonstrating that its counsel's rates are reasonable.  *See TufAmerica Inc.* 2016 WL 1029553, at *3.  Here, the hourly rates sought

are: $290 for Mr. Bai; $250 for Mr. Hernan; $239 for Mr. Crecco,; and $200 for Ms. Kersh.  Mr.

Bai, lead counsel for Defendant, states in his declaration that $290 is less than his regular rate

for similar cases and that the other rates sought are typical of those charged to other clients in

similar matters.  The paralegal rates sought are $158 for Mr. Lee and $110 for Ms. Thomas.  Mr.

Bai has represented that these are the firms' regular rates for paralegals on similar matters.

Mr. Bai also represents that these rates were actually charged to Defendant. This is strong

evidence that the rates requested are reasonable.  *See In re Stock Exchanges Options Trading

Antitrust Litig.*, 2006 WL 3498590, at *9 ; *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir.

1986) ("For lawyers engaged in customary private practice, who at least in part charge their

clients on an hourly basis regardless of the outcome, the marketplace has set that value."

(internal citation and quotation marks omitted)).  Notably, Plaintiff has not opposed the instant

Motion or questioned the rates provided.

Courts in this district have approved rates similar to and far above those sought by

Defendant.  *See Euro Pac. Capital, Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410 (VM) (JLC),

2018 WL 1229842, at *9 (S.D.N.Y. Mar. 9, 2018) (approving paralegal hourly rate of $150),

*adopted by* 2018 WL 1596192 (S.D.N.Y. Mar. 28, 2018); *Errant Gene Therapeutic, LLC v. Sloan-

Kettering Inst. for Cancer Research*, 286 F. Supp. 3d 585, 588–89 (S.D.N.Y. 2018) (in commercial

litigation, court approved hourly rates for partners of $765 and for associates of up to $450),

*aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 15–

cv–02044 (AIN) (SDA), 2018 WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d

Cir. 2019); *Gulino v. Board of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017

WL 1294557, at *10 (S.D.N.Y. Apr. 4, 2017) (in "complex" case, partner rate of $600, associate

rate ranging from $225 to $375, and rate of $150 per hour for paralegals was reasonable); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, No. 12 Civ. 9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (recognizing that partner rates of up to $1,000 per hour are not uncommon in this District for complex litigation matters); *Long v. HSBC USA Inc.*, 14 Civ. 6233 (HBP), 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) (reasonable rates for partners with 15 to 19 years of experience ranged from $425 to $550 and rate for paralegals of $100 to $150 was reasonable); *TufAmerica*, 2016 WL 1029553, at *6 (reasonable rate for partners ranged from $572 to $715 per hour, for associates ranged from $476 to $560 per hour, for junior associates ranged from $375 to $425 per hour, and for paralegals ranged from $150 to $175 per hour); *Mazzei v. Money Store*, No. 01cv5694 (JGK)(RLE), 2015 WL 2129675, at *3 (S.D.N.Y. May 6, 2015) (finding rate of $450 per hour for attorneys with fifteen to twenty years of experience in complex litigation, including products liability, to be reasonable); *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502(PGG), 2015 WL 585561, at *6–7 (S.D.N.Y. Feb. 10, 2015) (awarding requested rates of $525 for partners and $350 for an associate with four years of experience and another who was a recent law school graduate); *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652(PAE), 2014 WL 4379100, at *6–7, *7 n.5 (S.D.N.Y. Sept. 4, 2014) (approving associate rates "from approximately $380 to $682" for associates in case involving "difficult questions of law and fact").  Thus, the Court finds that the rates are reasonable.

Next, the Court addresses the hours billed.  Defense counsel has carefully documented the time spent on various discovery and related motions and billed time in tenths of an hour.  It is also clear to this Court, based on its active management of this case, that Plaintiff did not

comply with her discovery obligations and caused Defendant to incur more fees than necessary during discovery.  For example, Plaintiff was delinquent in providing discovery responses, failed to comply with Court orders, and even failed to appear for a conference.  Plaintiff also represented that she had an expert to support her theory of liability, but no expert ever materialized.  This caused Defendant to needlessly spend sums to obtain an expert and prepare for potential cross examination of Plaintiff's anticipated expert.

Having carefully reviewed the time records, this Court finds that Defendant's counsel spent a reasonable amount of time on tasks and appropriately documented its work.  The Court also finds that defense counsel properly delegated tasks.  It is notable that Plaintiff does not oppose or contest any of the hours.

## CONCLUSION

Accordingly, for all the reasons set forth above, the Court awards Defendant attorneys' fees in the amount of $12,484.10, payable within **30 days** of this Order.

**SO ORDERED.**

Dated: May 11, 2020
    New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

8