UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARILYN FIGUEROA,

Plaintiff,

- against -

W.M. BARR & COMPANY, INC.,

Defendant.

18-cv-11187 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Marilyn Figueroa, has brought this action against the defendant, W.M. Barr & Company, originally filed in the New York State Supreme Court, Bronx County, asserting claims for common law strict products liability for design defects and failure to warn, as well as for negligence regarding product warning labels and design. The plaintiff's claims arise from a fire that ignited in the plaintiff's kitchen, after she used defendant's product, Goof Off Pro Strength Remover ("Goof Off"), that she used to remove glue from her floor.

On November 30, 2018, the defendant, W.M. Barr & Company, Inc., removed this case from the New York State Supreme Court, Bronx County, to this Court. On February 3, 2020, the defendant moved for summary judgment. Despite extensions of time to respond to the motion, and although she is represented by counsel, the plaintiff never responded to the motion, even after the passage of over six months. The defendant's motion is now

unopposed. For the following reasons, the defendant's motion is **granted.**

I.

Courts are instructed to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Gallo, 22 F.3d at 1224. A court's "duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Id. The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

When "a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co., v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). The district court may not grant an unopposed motion for summary judgment "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). In its review, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1

statement," and "must be satisfied that the citation to evidence in the record supports the assertion." Vt. Teddy Bear, 373 F.3d at 244.

**II.**

**A.**

The following facts are undisputed unless otherwise noted.[1]

On July 29, 2015, the plaintiff purchased a one gallon can of Goof Off at a Home Depot store. Def.'s Rule 56.1 Statement ¶ 4. Goof Off is among the products manufactured and distributed by the defendant, Def.'s Rule 56.1 Statement ¶ 3; Bai Decl. Ex. B ¶ 6. The plaintiff bought the Goof Off in order to remove glue from her kitchen floor that remained after she removed linoleum tile from her kitchen. Id. ¶ 5.

The front panel of the Goof Off can contains the following warnings in red print set against a yellow background:

> DANGER! EXTREMELY FLAMMABLE. HARMFUL OR FATAL IF SWALLOWED. VAPOR HARMFUL. EYE IRRITANT, VAPORS MAY

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried," to which the nonmoving party must then reply by submitting "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(a),(b). Because the plaintiff has not responded to the defendant's motion and has not responded to the defendant's Rule 56.1 Statement, the assertions made in the defendant's Rule 56.1 statement, where supported by evidence in the record, are deemed uncontested and admitted for purposes of this motion for summary judgment. See T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009); Parker v. Fantasia, 425 F. Supp. 3d 171, 176 n.2 (S.D.N.Y. 2019).

> CAUSE FLASH FIRE. Read entire label prior to use or storage.

Id. ¶ 6; Bai Decl. Ex. D. This warning also appears on the front panel in Spanish. Def.'s Rule 56.1 Statement ¶ 6.

The one side of the Goof Off can contained the following warnings in a combination of red and black print:

> Do not apply to floors or spread the product over surface areas greater than 1 sq. foot because fire and health safety risks will increase dramatically.
>
> DANGER! EXTREMELY FLAMMABLE VAPORS MAY CAUSE FLASH FIRE OR IGNITE EXPLOSIVELY. KEEP AWAY FROM HEAT, SPARKS, FLAME AND ALL OTHER SOURCES OF IGNITION. Extinguish all flames and pilot lights, and turn off all stoves, heaters, electric motors and all other sources of ignition during use and until all vapors are gone. USE ONLY WITH ADEQUATE VENTILATION TO PREVENT BUILDUP OF VAPORS. Do not use in areas where vapors can accumulate and concentrate such as basements, bathrooms and small, enclosed areas. If using indoors open all windows and doors and maintain a cross ventilation of moving fresh air across the work area. *** IF THE WORK AREA IS NOT WELL VENTILATED, DO NOT USE THIS PRODUCT.

Def.'s Rule 56.1 Statement ¶ 7; Bai Decl. Ex. D (emphasis in original). This warning appeared in Spanish on the other side of the Goof Off can. Def.'s 56.1 Rule Statement ¶ 7.

The plaintiff could read the warnings, but she did not do so at any point prior to the incident on July 29, 2015 or afterwards. Def.'s Rule 56.1 Statement ¶¶ 8-9; Bai Decl. Ex. C, at 21-22.

The plaintiff used the product by pouring it directly onto the floor of her kitchen. Def.'s Rule 56.1 Statement ¶ 15; Bai

Decl. Ex. E, at 8. The plaintiff did not apply the Goof Off onto a cloth or blot any Goof Off while it was on the floor even though the Goof Off label also instructs users to "[a]pply with a cloth, then blot or rub until a spot is removed." Def.'s Rule 56.1 Statement ¶¶ 15-16; Bai Decl. Ex. D; Bai Decl. Ex. E, at 8. The plaintiff estimated that she poured the Goof Off onto an area of the kitchen floor measuring somewhere between 2.75 square feet and 4 square feet. Def.'s Rule 56.1 Statement ¶ 18; Bai Decl. Ex. G, at 3.

After the plaintiff poured the Goof Off on the floor, she used a metal scraper to try to remove the glue. Def.'s Rule 56.1 Statement ¶ 21; Bai Decl. Ex. C, at 19-20. At that point, a fire started. Def.'s Rule 56.1 Statement ¶ 22.

The plaintiff's gas stove in her kitchen had an operational pilot light, and the plaintiff did not turn off the gas to the stove or extinguish the pilot light prior to using the Goof Off. Def.'s Rule 56.1 Statement ¶¶ 11-12; Bai Decl. Ex. C, at 8-9. There was a single window in the kitchen, which the plaintiff had open while she was applying the Goof Off to the kitchen floor. Def.'s Rule 56.1 Statement ¶ 23; Bai Decl. Ex. C, at 10.

**B.**

The plaintiff is a resident of the Bronx, New York, Def.'s 56.1 Statement ¶ 1, and the defendant is a Tennessee corporation

with its principle place of business in Tennessee. Def.'s Rule 56.1 Statement ¶ 2; Ans. ¶ 2.

The plaintiff commenced this action against the defendant in the Supreme Court of the State of New York, Bronx County, on February 1, 2018, bringing New York State law claims under two theories of strict products liability, design defect and failure to warn, and a similar claim under a theory of negligence. On November 20, 2018, the plaintiff responded to the Defendant's Supplemental Demand for Relief Pursuant to N.Y.C.P.L.R. 3017(c), claiming that she is entitled to $3,000,000 in total damages, and on November 30, 2018, the defendant filed a notice of removal.[2]

This Court referred the case to Magistrate Judge Katherine H. Parker to oversee discovery. Despite being represented by counsel, the plaintiff has repeatedly failed to participate in discovery proceedings. See, e.g., ECF No. 36. Because of the plaintiff's repeated failure to adhere to discovery deadlines or comply with court orders, Judge Parker granted the defendant's unopposed motion for sanctions. ECF No. 49. Specifically, Judge Parker ordered that "[the] [p]laintiff is precluded from relying on or introducing any expert reports in response to [the]

[2] Moltner v. Starbucks Coffee Co., 624 F.3d 34, 35 (2d Cir. 2010) (per curiam) (affirming district court's order that "the time for removal runs from the service of the first paper stating on its face the amount of damages sought").

[d]efendant's motion for summary judgment or at trial." Id. at 10.

As noted above, despite repeated warnings and multiple extensions of time over a 6 month period, the plaintiff has failed to respond to the defendant's motion for summary judgment or submit a Local Rule 56.1 statement. See ECF Nos. 46, 51, 64, 70, 74.

**III.**

The plaintiff has brought three related product liability claims related to Goof Off: (1) defective design, (2) failure to warn, and (3) negligent design and negligent warning. The defendant has demonstrated that, based on the record, there are no genuine issues of material fact relating to any of the plaintiffs three claims, and that the defendant is entitled to summary judgment as a matter of law.

**A.**

First, the plaintiff has alleged that the defendant is strictly liable because Goof Off was defective in design. In her complaint, the plaintiff alleged "design defects regarding the Goof Off product at issue include, yet are not limited to, vapor migration characteristics, flammability, volatility, low flash point, and an upper explosive level unsuitable for use in the home." Compl. ¶ 12.

Under New York law, "a plaintiff establishes a prima facie case of product liability for a design defect by showing: (1) that the product, as designed, posed a substantial likelihood of harm; (2) that it was feasible for the manufacturer to design the product in a safer manner; and (3) that the defective design was a substantial factor in causing plaintiff's injury." Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp., No. 09-CV-8357, 2010 WL 5480775, at *3 (S.D.N.Y. Dec. 30, 2010); see also Bustamante v. Atrium Med. Corp., No. 18-CV-08395, 2020 WL 583745, at *5 (S.D.N.Y. Feb. 6, 2020); Voss v. Black & Decker Mfg. Co., 450 N.E.2d 204, 208 (N.Y. 1983). The first two prongs are generally analyzed together as a single inquiry, requiring the factfinder to determine whether a product is "reasonably safe." Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp. 2d 53, 84 (S.D.N.Y. 2001) (noting that the first two prongs "grouped together, are often referred to as the risk-utility balancing test used to determine whether a product is defective or 'unreasonably dangerous'"); see also Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC, 419 F. Supp. 3d 490, 507 (E.D.N.Y. 2019) ("The first two elements are usually analyzed together and merge into a single inquiry.").

To demonstrate that there are genuine issues of material fact to preclude summary judgment in a strict liability product design case, "[t]he plaintiff . . . is under an obligation to

present evidence that the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner." Rose v. Brown & Williamson Tobacco Corp., 855 N.Y.S.2d 119, 121 (App. Div. 2008) (quoting Voss, 450 N.E.2d at 208), aff'd sub nom. Adamo v. Brown & Williamson Tobacco Corp., 900 N.E.2d 966 (N.Y. 2008) (alterations in original). This inquiry "usually demands that a plaintiff introduce expert testimony that a feasible alternative design exists." Bourassa v. Black & Decker (U.S.) Inc., No. 12-cv-1476, 2015 WL 4715250, at *2 (N.D.N.Y. Aug. 7, 2015). Indeed, courts have frequently found the absence of expert testimony with "sufficient probative value" to be fatal to a plaintiff's ability to demonstrate genuine, material issues of fact exist with respect to a product design claim involving complex design issues. See, e.g., Preston v. Peter Luger Enterprises, Inc., 858 N.Y.S.2d 828, 831 (App. Div. 2008); Kass v. W. Bend Co., 158 F. App'x 352, 353 (2d Cir. 2005)("[A]bsent any evidence of a feasible and practicable design, the District Court did not err in granting defendant's motion for summary judgment."); Cuntan v. Hitachi KOKI USA, Ltd., No. 06-CV-3898, 2009 WL 3334364, at *6 (E.D.N.Y. Oct. 15, 2009) (collecting cases); Guarascio v. Drake Assocs. Inc., 582 F. Supp. 2d 459, 463-64 (S.D.N.Y. 2008) (collecting cases); Fitzpatrick v. Currie, 861 N.Y.S.2d 431, 434 (App. Div. 2008)

(granting summary judgment for car manufacturer, in the absence of expert testimony supporting the plaintiff's design defect claim, because "the complex issues involved in the design and operation of an air bag make expert proof imperative").

The plaintiff claims that the flammability of the product, among other features, made it unreasonably dangerous. See Compl. ¶¶ 11-13. However, the plaintiff has failed to introduce, and following Judge Parker's ruling is barred from introducing, expert testimony on this point. Expert testimony, on whether a feasible, safer, alternative design existed for the chemical product at issue, is especially important because this question is beyond the knowledge of a lay person. See Guarascio, 582 F. Supp. 2d at 464 (finding that plaintiff could not establish a prima facie product design defect claim without expert testimony, because "[a] lay person would neither readily understand nor necessarily find obvious the design and engineering of" the product in question). Nor has the plaintiff provided any other evidence in the record, other than conclusory allegations, to suggest that a feasible, safer alternative design exist. Without the introduction of expert testimony on the question of a feasible alternative design for the product, or any other credible evidence in the record, the plaintiff's claim fails and summary judgment for the defendant is appropriate on the plaintiff's design defect claim.

**B.**

The plaintiff also contends that the defendant failed to warn the plaintiff of the unreasonably dangerous nature of the product. Under New York law, "[a] failure to warn claimant must show (1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." Colon, 199 F. Supp. 2d at 84; State Farm Fire & Cas. Co. v. Nutone, Inc., 426 Fed. App'x 8, 10 (2d Cir. 2011); see also Liriano v. Hobart Corp., 300 N.E.2d 303, 305 (N.Y. 1998). "Once a warning is given, the focus shifts to the adequacy of the warning," including whether the warning "clearly alert[s] the user to avoid certain unsafe uses of the product which would appear to be normal and reasonable." Santoro ex rel. Santoro v. Donnelly, 340 F. Supp. 2d 464, 485 & n.151 (S.D.N.Y. 2004) (internal quotation marks omitted) (collecting cases). This inquiry includes consideration of the location and conspicuousness of the warning, the method in which it is communicated, and whether it sufficiently conveys the risk of danger associated with the product and is qualitatively sufficient to impart the particular risk of harm. Id. at 485-86 (quoting Cooley v. Carter-Wallace Inc., 478 N.Y.S.2d 375, 377 (App. Div. 1984)). Further, under New York law, "there is a presumption that a user would have heeded warnings if they had

been provided," Id. at 486, but, "[t]he presumption can be rebutted by proof that an adequate warning would have been futile since plaintiff would not have read it." Anderson v. Hedstrom Corp., 76 F. Supp. 2d 422, 441 (S.D.N.Y. 1999).

The defendant has asserted that Goof Off is a "hazardous substance" within the meaning of the Federal Hazardous Substances Act ("FHSA"),[3] and that as a result the plaintiff's claims are preempted. In the relevant section, the FHSA defines a "hazardous substance" to include "[a]ny substance or mixture of substances which . . . is flammable or combustible . . . during or as a proximate result of any customary or reasonably foreseeable handling or use," as defined by the Consumer Product Safety Commission (CSPSC). 15 U.S.C. §§ 1261(f)(1)(A)-(B). The FHSA "preempts any state cause of action that seeks to impose a labeling requirement different from the requirements found in the FHSA and the regulations promulgated thereunder." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 109 (2d Cir. 2001). Because the FHSA preempts state causes of action seeking to impose different requirements from those found in the FHSA, if a product is a "hazardous substance" regulated by the FHSA, a plaintiff may only assert a failure to warn claim to the extent

[3] The FHSA, codified at 15 U.S.C. §§ 1261 et seq., "was enacted in 1960 to provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce and are intended or suitable for household use." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 109 (2d Cir. 2001) (internal quotation marks omitted).

that she argues that the defendant's warnings failed to comply with the FHSA. Id. ("[T]o the extent that [the plaintiff's] claims for breach of express warranty, strict products liability, and negligence seek to impose additional or more elaborate labeling requirements on [the defendant], we fully agree with their dismissal by the district court on preemption grounds."); see also Hudson v. Sunnyside Corp., 64 N.Y.S.3d 425, 427 (App. Div. 2017).

Although the defendant has asserted that Goof Off is a "hazardous substance" within the meaning of the FHSA, the defendant has failed to provide sufficient evidence in the record to support this assertion.[4] Nevertheless, as discussed below, because the plaintiff cannot establish that the alleged failure to warn, rather than her own failure to read the label, was the proximate cause of her injuries, the Court need not reach the question of whether the plaintiff's claims are preempted by the FHSA.

The plaintiff asserts that the defendant's warnings regarding the use of its product were inadequate because they lacked "adequate clinically relevant information and data and

[4] In its brief, the defendant cites to the definition of "hazardous substance" in the FHSA and depositions regarding the products contents, but has not provided evidence that Goof Off satisfies the definition. For example, CSPSC regulations instruct that a substance is "flammable" if its flashpoint is between 20° and 100° Fahrenheit, 16 C.F.R. § 1500.3(c)(6)(ii), and "combustible" if it has a flashpoint at or above 100 °F, up to and including 150 °F, with certain exceptions. 16 C.F.R. § 1500.3(c)(6)(iii).

warnings regarding the proper usage and adverse risks," Compl. ¶ 29, including those related to the "extreme flammability" of the product. Id. ¶ 27. The plaintiff does not dispute that the defendant's product contains labeling that alerts the user to the flammable nature of the product.[5] This includes a warning alerting the user that the product is "EXTREMELY FLAMMABLE" on the front of the can as well as a more detailed warning regarding instructions for use on the can's sides. Def.'s Rule 56.1 Statement ¶¶ 6-7. The warnings were also provided in Spanish, the plaintiff's native language. Id.

Critically, the plaintiff has admitted that she failed to read the warnings contained on the Goof Off label prior to using the product. Id. ¶ 9. Such a fact—uncontested by the plaintiff—is more than sufficient to rebut the presumption that a user would have heeded warnings if they were provided. See Marache v. Akzo Nobel Coatings, Inc., No. 08-cv-11049, 2010 WL 908467, at *11 (S.D.N.Y. Mar. 12, 2010) (finding no proximate cause where the plaintiff did not read the warning or heed the similar instructions of his co-workers before using the product in a way that the label expressly warned against), adhered to, 2010 WL 1629648 (S.D.N.Y. Apr. 21, 2010), and report and recommendation

---

[5] The defendant asserts that the Goof Off labelling complies with the FHSA and the CSPC's corresponding regulations, including through its inclusion of the term "DANGER" and affirmative statements regarding the product's flammable vapors. Id. at 13-14. The plaintiff has not asserted otherwise or presented evidence to the contrary.

adopted, 2010 WL 3731124 (S.D.N.Y. Sept. 7, 2010); Cuntan, 2009 WL 3334364, at *15 ("Under New York law, if a plaintiff admits that [s]he failed to read a product's warnings, [s]he cannot establish that the substantive language of the warnings caused h[er] injury.") (collecting cases); Reis v. Volvo Cars of N. Am., Inc., 901 N.Y.S.2d 10, 13 (App. Div. 2010) (finding that an "admission that [the plaintiff] did not read the manual severs the causal connection between the alleged failure to warn and the accident"); Sosna v. Am. Home Prods., 748 N.Y.S.2d 548, 549-50 (App. Div. 2002)(finding that because "plaintiff's deposition testimony was clear that he had not read defendant manufacturer's warnings until after he had stopped using its product and sustained the complaint-of injury," he had "raised no triable issues of fact" as to his duty to warn claim).[6]

---

[6] Courts applying New York law have found two limited exceptions, that allow a plaintiff who has admitted not to have read instructions, to proceed with a failure to warn claim, but neither applies in this case. In Johnson v. Johnson Chem. Co., the New York State Supreme Court held that, under certain circumstances, "a plaintiff who admittedly failed to read the warnings supplied by the manufacturer of a product [may] recover damages based on the theory that the manufacturer's warnings were inadequate." 588 N.Y.S.2d 607, 608 (App. Div. 1992). However, the plaintiff in Johnson, had argued that the warning provided by the defendant was insufficiently conspicuous or prominent. Id. at 611. Here, the plaintiff has neither alleged in her complaint that the warning was either not sufficiently conspicuous or not prominent, nor has she presented evidence sufficient to show this is a triable issue of fact. Sosna, 748 N.Y.S.2d at 550 (distinguishing Johnson when plaintiff does not allege warnings were insufficiently conspicuous or prominent).

Similarly, some courts have found, where plaintiffs proceeding with a "failure to warn" claim "may be able to prevail under New York law ... even though it is undisputed that [they] failed to read the warnings, if [they] can demonstrate that adequate warnings would have come to the attention of a third party, such as fellow workers or an employer, and they would have informed [the plaintiff] of those warnings." Lara v. Delta Int'l Mach. Corp., 174 F. Supp. 3d 719, 743 (E.D.N.Y. 2016) (collecting cases). Here, the

Further, despite the labelling's prominent and conspicuous warnings and instructions, the plaintiff used the product in a way that the Goof Off labels expressly contemplated and warned against. The label specifically instructed the user to "[e]xtinguish all flames and pilot lights" and "turn off all stoves," Bai Decl. Ex. D, which the plaintiff admitted that she did not do prior to using the product. Def.'s Rule 56.1 Statement ¶¶ 11-12. The plaintiff spread the Goof Off product over a surface area of the floor greater than one square foot. The plaintiff did not apply the Goof Off with a cloth and then blot or rub until the glue came off, but rather poured the Goof Off onto the floor directly and used a metal scraper.

Given the express nature of the warnings, their conspicuous placement on the product, and the plaintiff's admission that she failed to read those warnings, the plaintiff has failed to demonstrate a triable issue of fact that the alleged failure to warn was the proximate cause of the fire and her injuries rather than her misuse of the product in a way that the Goof Off labels expressly warned against.

---

plaintiff has neither alleged such a theory, nor has she presented evidence to support it.

C.

Finally, the plaintiff has brought a claim against the defendant alleging negligence in the design of, and warnings related to, Goof Off.

Under New York law, claims for negligent design and design-based strict products liability are analyzed identically. See Kennedy v. Covidien, LP, No. 18-CV-1907, 2019 WL 1429979, at *5 (S.D.N.Y. Mar. 29, 2019) (citing Denny v. Ford Motor Co., 662 N.E.2d 730, 735-36 (N.Y. 1995)); Searle v. Suburban Propane Div. of Quantum Chem. Corp., 700 N.Y.S.2d 588, 591 (App. Div. 2000) ("[I]n a design defect case, there is almost no difference between a prima facie case in negligence and one in strict liability.") (citation omitted). Similarly, "[w]here liability is predicated on a failure to warn, New York views negligence and strict liability claims as equivalent." Estrada v. Berkel Inc., 789 N.Y.S.2d 172, 173 (App. Div. 2005) (quoting Martin v. Hacker, 628 N.E.2d 1308, 1311 n.1 (N.Y. 1993)); Colon, 199 F. Supp. 2d at 84 ("Failure to warn claims are identical under strict liability and negligence theories of recovery.").

The plaintiff has failed to show any genuine issues of material fact to demonstrate that the defendant was negligent in the product design, including failure to use safer alternatives. Similarly, the plaintiff has failed to show that genuine issues of material fact exist regarding whether the defendant's alleged

failure to warn, rather than her own failure to read the label, was the proximate cause of her injuries. Therefore, the same reasons why the defendant is entitled to summary judgment with respect to the plaintiff's strict liability claims for design defects and failure to warn, also entitle the defendant to summary judgment for the plaintiff's negligence claims.

**CONCLUSION**

The Court has considered all of the arguments raised. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for summary judgment is **granted.** The Clerk is directed to enter judgement dismissing this action with prejudice. The Clerk also is directed to close Docket No. 46.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 29, 2020**

**John G. Koeltl**
**United States District Judge**